UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD JEREMY FRANKLIN,<br><br>Petitioner,<br><br>v.<br><br>STUART SHERMAN, Warden,<br><br>Respondent. | No. 2:19-cv-0743 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims newly discovered evidence shows that he is innocent, and the district attorney withheld exculpatory evidence. Presently before the court is the petition for screening (ECF No. 2), petitioner's motions to proceed in forma pauperis (ECF No. 8) and for the appointment of counsel (ECF No. 7), as well as his request for an evidentiary hearing (ECF No. 7). For the reasons set forth below, the court will deny petitioner's motion to proceed in forma pauperis, his motion to appoint counsel, and his request for an evidentiary hearing and will recommend that the petition be dismissed.

**IN FORMA PAUPERIS**

Petitioner has filed a motion to proceed in forma pauperis (ECF No. 8). However, court records reflect that petitioner paid the filing fee on May 17, 2019. Accordingly, the court will deny as moot petitioner's motion to proceed in forma pauperis.

1

**SCREENING**

I. **Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

II. **The Petition**

This action was initiated when plaintiff filed a petition for writ of habeas corpus in the United States Court of Appeals for the Ninth Circuit. (ECF No. 2.) Upon receipt, the Ninth Circuit transferred this action to the Eastern District of California pursuant to Federal Rule of Appellate Procedure 22(a). (ECF No. 1.)

Petitioner has set forth the following details regarding the criminal charges at issue in his petition: in October 2015, he and his girlfriend, Ms. Hayes, had an argument. (ECF No. 2 at 8.) After he left the residence, police arrived and Hayes told the officers petitioner physically assaulted her and stole her cell phone. When petitioner returned Hayes did not inform him that she spoke to the police. Three months later petitioner was pulled over for a seatbelt violation and arrested for an outstanding warrant. Soon after petitioner's arrest, Hayes told the Shasta County District Attorney that everything she told the police had been a lie. Hayes testified at a pre-trial hearing that she lied to police. Hayes was then advised that lying to the police was a crime. Thereafter, Hayes invoked her right to remain silent under the Fifth Amendment. Because the state did not have a full opportunity to cross-examine Hayes, the court struck her testimony.

Petitioner states he pled nolo contendere to second degree robbery in the Shasta County Superior Court on June 6, 2016. (ECF No. 2 at 2.) Petitioner also pled no contest to an unrelated child abuse charge, having a prior strike, and violating the terms of probation in several other cases. (ECF No. 2 at 33.) Petitioner indicates that following his conviction he appealed his conviction in the Shasta County Superior Court. He indicates that he did not seek review in the California Supreme Court and he did not file any other petitions, applications, or motions related to his conviction. (ECF No. 2 at 6.)

Petitioner argues he is entitled to relief under California Penal Code § 1473[1] because Hayes has submitted an affidavit to an investigator hired by petitioner's mother stating that she lied to police and petitioner did not assault her or steal her cell phone.

**III. Analysis**

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). The court may, but is not required to, raise the issue of exhaustion sua sponte. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cirr. 1988) (per curium); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Failure to present claims for federal relief to the California Supreme Court will

---

[1] California Penal Code section 1473(b)(3)(A) provides that "a writ of habeas corpus may be prosecuted" when "[n]ew evidence exists that is credible, material, presented without substantial delay, and of such decisive force and value that it would have more likely than not changed the outcome at trial."

3

result in dismissal.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims.  Raspberry, 448 F.3d at 1154; see also Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

Petitioner indicates states that he has not presented his claims to the California Supreme Court.  (ECF No. 2 at 6.)  Further, the court may take judicial notice of court records, and the California Supreme Court records,[2] reflect that petitioner has not sought any relief from the California Supreme Court.  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).  Accordingly, the court concludes that petitioner has not presented his claims in the petition to the California Supreme Court.  Consequently, it appears that petitioner's claims are unexhausted.  Because petitioner has not exhausted the court must dismiss the petition.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

## REQUEST FOR EVIDENTIARY HEARING

Petitioner has requested an evidentiary hearing. (ECF No. 7.)  Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of state proceedings are filed, shall, upon review of those proceedings, determine whether an evidentiary hearing is required.  Because the court is recommending that the petition be dismissed an evidentiary hearing is not required.  Accordingly, the court will deny petitioner's request for an evidentiary hearing.

---

[2] The records are available at
https://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=0&search=party

4

**MOTION TO APPOINT COUNSEL**

Petitioner has requested the appointment of counsel. (ECF No. 7.) In support of his motion he states he is unable to afford counsel and his petition is based on newly discovered evidence that undermines his conviction.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, the court will deny petitioner's motion to appoint counsel without prejudice.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is denied as moot;

2. Petitioner's motion to appoint counsel (ECF No. 7) is denied; and

3. Petitioner's request for an evidentiary hearing is denied.

IT IS HEREBY RECOMMENDED that the petition be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Failure to file objections within the specified time may

////

////

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 21, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/fran0743.scrn+110